IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

PHELPS OIL AND GAS, LLC, on behalf of itself
and a class of similarly situated royalty owners,

       Plaintiff,

v.

NOBLE ENERGY, INC. and
DCP MIDSTREAM, LP

       Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and D.C.COLO.LCivR 81.1, Defendant DCP Midstream, LP ("DCP Midstream"), through its attorneys, respectfully removes to this Court the action known as *Phelps Oil & Gas LLC v. Noble Energy, Inc., et al.*, previously filed as Case No. 2014CV33135 in the District Court for the City and County of Denver, Colorado. In support of removal, DCP Midstream states as follows:

**I.     INTRODUCTION.**

1.     Plaintiff Phelps Oil & Gas, LLC ("Phelps") filed an action, *Phelps Oil & Gas LLC v. Noble Energy, Inc., et al.,* Case No. 2014CV33135 in the District Court for the City and County of Denver, Colorado, on August 7, 2014. Phelps brings its action against DCP Midstream and Noble Energy, Inc. ("Noble").

2. Phelps purports to bring its claims on behalf of himself and a class of similarly situated royalty owners ("Putative Class") pursuant to Colo. R. Civ. P. 23, which is substantially similar to Fed. R. Civ. P. 23.

3. Phelps asserts it is, and the members of the Putative Class are, entitled to royalty payments based on the sale of Noble's gas to DCP Midstream. Compl. ¶ 15-19. Thus, Phelps asserts, it and the Putative Class members are intended third-party beneficiaries of the Noble-DCP Midstream contracts. *Id.* ¶ 41.

4. It its complaint, Phelps alleges DCP Midstream breached contracts with Noble and that Phelps and the putative class members, as intended third-party beneficiaries under the contracts, were damaged by the breach. *Id.* ¶ 19. The complaint asserts claims for breach of contract and unjust enrichment against DCP Midstream, for breach of contract and breach of the duty of good faith and fair dealing against Noble, and for declaratory judgment against both defendants. *Id.* pp. 7-11. Phelps seeks monetary damages and declaratory relief. *Id.* p. 8.

5. Removal is proper under 28 U.S.C. § 1441(a) and (b) because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). There is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. PROCEDURAL STATEMENT.

6. Removal is timely. DCP Midstream first received a copy of the complaint in this action when served on August 22, 2014. (*See* Affidavit of Service, attached hereto.) As required by 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty days of receipt of the complaint.

7. As required by 28 U.S.C. § 1441(a), this Court is the United States District Court for the district and division where the state court action was filed.

8. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon DCP Midstream and upon Noble in this case to date are attached hereto.

9. D.C.COLO.LCivR 81.1(B) requires the removing party to file with this Court, within 14 days of filing this notice, a current docket sheet from the state court action and any pending motion, petition, and related response, reply, and briefs. A true and correct copy of the state court's docket is filed simultaneously herewith. Review of the state court docket shows the only pending motion in the state court action is the Verified Motion to Admit George A. Barton pro hac vice. As of the time of this filing, there has been no response to this motion nor has the state court entered an order regarding that motion. The Verified Motion is filed herewith.

10. Pursuant to D.C.COLO.LCivR 81.1(C), DCP Midstream states that no hearings are currently set in the state court.

11. Promptly upon filing this Notice of Removal, DCP Midstream will file a Notification of Notice of Removal with the Clerk of the District Court for the City and County of Denver, Colorado, as required by 28 U.S.C. § 1446(d). Promptly upon filing this Notice of Removal, DCP Midstream will provide a true copy of this Notice of Removal to all parties pursuant to 28 U.S.C. § 1446(d).

12. Without taking a position on any of the factual statements made in this Notice of Removal except as to Noble's citizenship, Noble consents to removal.

## III. THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a).

13. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). As set forth below, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

### A. There Is Diversity of Citizenship.

14. There is diversity of citizenship in this matter. As set out below, Phelps is a citizen of Colorado, while DCP Midstream is a citizen of Delaware and Texas and Noble is a citizen of Delaware and Texas. Neither DCP Midstream nor Noble is a citizen of Colorado for diversity purposes.

#### i. *Phelps Oil and Gas, LLC.*

15. Phelps is a Colorado limited liability company with its principal place of business located in Colorado. (Compl. ¶ 1, attached hereto.)

16. A limited liability company is deemed to be a citizen of all the states of which its members are citizens. *U.S. Advisor, LLC v. Bershire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (collecting cases) ("the broad consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.").

17. Phelps has alleged and admitted that it is a citizen of Colorado. (Compl. ¶ 1.)

#### ii. *DCP Midstream, LP.*

18. DCP Midstream is a Delaware limited partnership. (Compl. ¶ 5; Ex. A, Declaration of Stacey A. Metcalfe ¶ 2.)

19. For diversity purposes, a limited partnership is a citizen of all states in which any of its partners are citizens. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990) (the citizenship of an artificial entity for diversity purposes depends upon the citizenship of each of the persons composing the entity); *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.,* 897 F.2d 461, 463 (10th Cir. 1990) ("In the case of a partnership, the partnership is a citizen of each state in which a partner is a citizen.").

20. DCP Midstream, LP's partners are DCP Midstream Holding, LLC and DCP LP Holdings, LLC, which are both Delaware limited liability companies. The sole member of DCP Midstream Holding, LLC is DCP LP Holdings, LLC. The sole member of DCP LP Holdings LLC is DCP Midstream, LLC, a Delaware limited liability company. (*Id.* ¶¶ 2-4.)

21. The members of DCP Midstream, LLC are a) Phillips Gas Company, a Delaware corporation; b) Spectra Energy DEFS Holding, LLC, a Delaware limited liability company; and c) Spectra Energy DEFS Holding II, LLC, a Delaware limited liability company. (*Id.* ¶¶ 5-6.)

22. Phillips Gas Company is a Delaware corporation with its principal place of business in the State of Texas. (*Id.* ¶ 6.)

23. Spectra Energy DEFS Holding, LLC's sole member is Spectra Energy Capital, LLC, a Delaware limited liability company. (*Id.* ¶ 7.)

24. Spectra Energy DEFS Holding II, LLC's sole member is Spectra Energy Operating Company, LLC, a Delaware limited liability company, whose sole member is Spectra Energy Transmission, LLC, a Delaware limited liability company, whose sole member is Spectra Energy Capital, LLC. (*Id.* ¶ 8.)

25.     The sole member of Spectra Energy Capital, LLC is Spectra Energy Corp. Spectra Energy Corp is a Delaware corporation with its principal place of business in the State of Texas.  (*Id.* ¶¶ 9-10.)

26.     Therefore, DCP Midstream is a citizen of Delaware and Texas.

### iii.     Noble Energy, Inc.

27.     Noble Energy is a Delaware corporation with its principal place of business in Houston, Texas.  (Compl. ¶ 4.)

28.     A corporation is a citizen of every state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c).

29.     Therefore, Noble is a citizen of Delaware and Texas.

### B.     The Amount in Controversy Exceeds $75,000.

30.     In this case, Phelps seeks unspecified monetary damages, as well as declaratory judgments regarding DCP Midstream's contractual obligations.  (Compl. at ¶¶ 39, 43, 47, & 50 and p. 11–12.)

31.     Under 28 U.S.C. § 1446(c)(2)(A), DCP Midstream may present its own estimate of the amount in controversy in this case because (1) Phelps seeks nonmonetary relief, and (2) although Phelps seeks a money judgment, Colorado Rule of Civil Procedure 8(a) does not permit a dollar amount to be stated in the prayer or demand for relief.  "[R]emoval of the action is proper on the basis of an amount in controversy asserted [in a defendant's notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(c)(2)(B).

32. "In cases seeking declaratory and injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10 Cir. 2006), citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443 (1977). To determine the amount in controversy, the Tenth Circuit Court "look[s] to the pecuniary effect an adverse declaration will have on either party to the lawsuit." *City of Moore v. Atchison, Topeka, & Santa Fe R.R. Co.*, 699 F.2d 507, 509 (10th Cir. 1983). "In assessing the jurisdictional amount in declaratory relief cases, the federal court should include in its assessment the value of relief and benefits that would logically flow from the granting of the declaratory relief sought." *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F.Supp.2d 1143, 1163–64 (D.N.M. 2012) (internal citation omitted).

33. Phelps seeks a declaration, among other things, that "Noble and the members of the Class are entitled to receive the monetary benefits of the increased percentages of proceeds provided for in certain percentage of proceeds agreements between Noble and DCP." Compl. ¶ 50(a).

34. Phelps also seeks a declaration that DCP Midstream has underpaid the amounts owed to Noble under [various contracts] by failing to correctly pay Noble on the ethane gas reintroduced into the residue gas without proper payment to Noble for the value of such ethane[.]" Compl. ¶ 50(d).

35. Because Phelps' damages would flow out of its royalty share of the proceeds Noble receives from DCP Midstream, the amount in controversy necessarily includes the amount that Noble would be entitled to receive pursuant to Phelps' requested declaration. Indeed, Phelps requests a declaration as to "the respective rights of Noble, DCP, and Phelps and the members of

the Class pursuant to the percentage of proceeds agreements between Noble and DCP." Compl. ¶ 50. Therefore, Phelps has put the value of DCP Midstream's obligations to Noble in controversy.

36. Furthermore, the effect on DCP Midstream of an adverse declaration of the rights of Noble and DCP Midstream under the contracts between the parties would include not only damages for past amounts due but would also include amounts due in the future from DCP Midstream to Noble. Past and future costs to comply with the declaratory judgment sought would exceed $75,000.

37. Therefore, the matter in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, DCP Midstream respectfully removes this action from the Denver County District Court to this Court.

Respectfully submitted this 19th day of September, 2014.

FULBRIGHT & JAWORSKI LLP

**/s   Daniel M. McClure**
Daniel M. McClure
1301 McKinney, Ste. 5100
Houston, TX  77010
Phone:  713.651-5151
Facsimile:  713.651.5246
Email:  dan.mcclure@nortonrosefulbright.com

Lucy H. Deakins
1200 17th Street, Ste. 1000
Denver, CO  80202
Phone:  303.801.2700
Facsimile:  303.801.2777
Email:  lucy.deakins@nortonrosefulbright.com
***Attorneys for DCP Midstream, LP***

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2014, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via United States MAIL, postage prepaid, to the following:

Katherine Toan
Colorado Environmental Law
1434 Spruce Street, Ste. 223
Boulder, CO  80302
Email:  kate.toan@gmail.com

George A. Barton
Stacy A. Burrows
Law Offices of George A. Barton, P.C.
4435 Main Street, Ste. 920
Kansas City, MO  64111
Email:  gab@georgebartonlaw.com
          stacy@georgebartonlaw.com

*Attorneys for Plaintiffs*

Michael J. Gallagher, #8288
Terry R. Miller, #39007
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO  80202
Email: mike.gallagher@dgslaw.com
          terry.miller@dgslaw.com

*Attorneys for Defendant Noble Energy, Inc.*


     s/    Susan M. Morrissey     
Susan M. Morrissey