| | |
|---|---|
| DISTRICT COURT CITY AND COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: August 7, 2014 3:07 PM<br>FILING ID: 7CE1486AEE0E1<br>CASE NUMBER: 2014CV33135 |
| Plaintiff:   PHELPS OIL AND GAS, LLC, on behalf of itself and a class of similarly situated royalty owners<br><br>v.<br><br>Defendants:   NOBLE ENERGY, INC.,<br>            The Corporation Company<br>            1675 Broadway, Suite 1200<br>            Denver, CO 80202<br><br>            And<br><br>            DCP MIDSTREAM, LP<br>            The Corporation Company<br>            1675 Broadway Ste. 1200<br>            Denver, CO 80202 | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div./Ctrm: |
| Attorneys for Plaintiff<br>        Katherine Toan Colo. Bar No. 45672<br>        Colorado Environmental Law<br>        1434 Spruce Street, Suite 223<br>        Boulder, CO 80302<br>Phone:        (720) 965-0854<br>Fax:          (720) 726-8001<br>Email:        kate.toan@gmail.com<br><br>        George A. Barton, Mo. Bar No. 26249<br>        Stacy A. Burrows, Ks. Bar No. 21310<br>        Law Offices of George A. Barton, P.C.<br>        4435 Main Street, Suite 920<br>        Kansas City, MO 64111<br>Phone:        (816) 300-6250<br>Fax:          (816) 300-6259<br>Email:        gab@georgebartonlaw.com<br>              stacy@georgebartonlaw.com | |
| **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** | |

Plaintiff Phelps Oil and Gas, LLC ("Phelps"), on behalf of itself and the class of similarly situated persons as described herein, brings this class action for breach of contract, breach of the implied duty of good faith and fair dealing, and declaratory relief against Defendant Noble Energy, Inc., ("Noble"), and for breach of contract, unjust enrichment, and declaratory relief against Defendant DCP Midstream, LP ("DCP").

## JURISDICTION, VENUE, AND PARTIES

1. Phelps is a Colorado limited liability company with its principal place of business located at 280 South High Street, Denver, Colorado 80209.

2. Phelps brings this action on behalf of itself and a class of similarly situated persons which is defined as: (1) the members of the settlement class ("the *Noble* settlement class") in a class action case styled *Holman et al. v. Noble et al.*, Case No. 03 CV 9 (Weld County, Colorado), which was previously litigated against Noble in the District Court for Weld County, Colorado (the *Noble* class action") and which was resolved on a classwide basis pursuant to a class settlement agreement which was executed in February 2007 ("the *Noble* class settlement agreement"); and (2) who have received any royalty payments from Noble since January 1, 2008, based on payments made by DCP to Noble under a percentage of proceeds gas purchase agreement ("percentage of proceeds agreement").

3. Phelps was a named plaintiff in the *Noble* class action, and a member of the *Noble* settlement class. The claims on behalf of the *Noble* settlement class which Phelps asserts in this class action complaint against Noble and DCP are claims which satisfy the requirements of C.R.C.P. 23(b)(3), or in the alternative C.R.C.P. 23(b)(2).

2

4. Noble is a Delaware corporation with its principal place of business located at 1001 Noble Energy Ways, Houston, Texas 77070. Noble also conducts substantial business in the State of Colorado at 1625 Broadway, Denver, Colorado 80202.

5. DCP is a limited partnership duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 370 17th Street, Suite 2500, Denver, Colorado 80202.

6. This Court has personal jurisdiction over Noble pursuant to C.R.S. § 13-1-124, because Noble conducts substantial business activities in the State of Colorado and the acts and conduct giving rise to the claims asserted in this class action complaint occurred in Colorado.

7. This Court has personal jurisdiction over DCP pursuant to C.R.S. § 13-1-124, because DCP conducts substantial business activities in the State of Colorado and the acts and conduct giving rise to the claims asserted in this Class Action Complaint occurred in Colorado.

8. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because Defendant DCP maintains a place of business within the City and County of Denver.

## CLASS ACTION ALLEGATIONS

9. The number of persons in the proposed Class is so numerous that joinder of all such persons in this litigation is impractical.

10. There are numerous questions of law and fact which are common to the Class.

11. The claims of Phelps are typical of the claims of the other Class members.

12. Phelps and his attorneys will fairly and adequately protect the interest of the Class, and Phelps' interests in this litigation do not conflict with the interests of other Class members.

13. The common issues of law and fact for the claims at issue predominate over any individual issues which may exist.

14. The maintenance of this case as a class action is superior to other methods for the fair and efficient adjudication of the Class members' claims against the defendants.

## GENERAL ALLEGATIONS

15. Phelps is a business which for many years received royalties from Noble. Phelps received those under a Royalty Agreement which is a type of royalty agreement which is covered under the *Noble* class settlement agreement. Phelps has received royalties from Noble since January 1, 2008 which are subject to the terms of the *Noble* class settlement agreement.

16. The defined settlement class of royalty owners who were bound by the terms of the *Noble* class settlement agreement included the individuals and entities as follows:

> All individuals and entities, private or public, to whom Noble has paid or currently is paying Royalties (either directly or indirectly through Duke Energy Field Services ("Duke") or Duke's predecessors or successors, and either on its own behalf or on behalf of Other Working Interest Owners) under Leases on Natural Gas and Liquids produced since January 1, 1997 from wells located in the Subject Counties, according to the business records maintained by Noble. The settlement class excludes Noble, the federal government, legally recognized Indian tribes, the *Ace-Davis* Plaintiffs, any persons or entities that own a working interest in any well in the Subject Counties operated by Noble, and any person who currently serves as judge in either of the Civil Actions and their spouse.

17. The above-referenced "Settlement Class" is referred to in this complaint as "the Class." Phelps brings this action on behalf of the Class and seeks C.R.C.P. 23(b)(3) certification of the Class.

18. As part of the *Noble* class settlement agreement, Noble and the *Noble* settlement class agreed upon a future royalty calculation method by which Noble pays future royalties to the members of the *Noble* settlement class for natural gas and NGLs that Noble produces in Adams, Boulder, Broomfield, Larimer, and Weld Counties in Colorado after January 1, 2008. As part of this future royalty calculation method, in those situations where Noble has entered into a percentage of proceeds agreement with a provider of post-wellhead services, Noble agreed to pay

4

the members of the Class a royalty based on 100 percent of the amount which the post-wellhead service provider paid over to Noble, and also based on 50 percent of the amount of sales proceeds retained by the provider of such post-wellhead services.

19. Thus, by way of example, in situations where DCP provides the post-wellhead services such as gathering, compressing and processing for Noble pursuant to a percentage of proceeds agreement, the Class is entitled to be paid royalties on 100 percent of the dollar amounts which DCP returns to Noble, plus 50 percent of the amount of sale proceeds DCP retains as the provider of post-wellhead services.  Thus, to the extent that DCP has breached any of its percentage of proceeds agreements with Noble by failing to pay the full amounts which DCP owed to Noble under such percentage of proceeds agreements, Phelps and the members of the Class have been damaged by such breaches and have been underpaid their royalties under the terms of the *Noble* class settlement agreement.

20. The District Court for Weld County, Colorado approved the *Noble* class settlement agreement by order and judgment entered on June 11, 2007.

21. Noble owns and holds interest in certain oil and gas leases located in Adams, Boulder, Broomfield, Larimer and Weld Counties in Colorado (the "Leases").

22. From these Leases, Noble produces natural gas, associated natural gas liquids ("NGL" or "NGLs") and condensed liquid hydrocarbons ("Condensate").

23. Before Noble's natural gas can be sold, it has to be processed to remove impurities and to separate the liquid hydrocarbons from the natural gas stream. At the point of extraction, the natural gas generally contains methane, ethane, propane, butanes, pentanes, and higher molecular weight hydrocarbons.

24. Gas processing involves the separation of the natural gas stream into the gaseous components and the liquid components referenced above. After processing, the gaseous hydrocarbons are sold as "Residue Gas." The liquid components, otherwise known as NGLs, may be fractionated into their separate components or sold together.

25. On information and belief, Noble sells its natural gas to DCP pursuant to various percentage of proceeds agreements.

26. On information and belief, pursuant to the percentage of proceeds agreements, Noble delivers its natural gas to DCP's processing plant. DCP then processes Noble's gas along with the gas of other oil and gas producers. The percentage of proceeds agreements provide for a process under which Noble is allocated its proportionate share of the Residue Gas and NGLs remaining after processing. DCP then sells the Residue Gas and NGLs and pays Noble a percentage of the proceeds on the sale of the Residue Gas and NGLs, which NGLs are sometimes referred to as Plant Products.

27. On information and belief, DCP failed to properly pay Noble for its Residue Gas and Plant Products, and failed to adhere to the contractual provisions of the percentage of proceeds agreements.

28. On information and belief, DCP has breached its various percentage of proceeds agreements with Noble in the following respects:

(a) failing to pay Noble the correct percentage of the sales proceeds under several percentage of proceeds agreements between Noble and DCP;

(b) failing to pay Noble for gas that was produced by Noble and thereafter transferred into a Vapor Recovery Unit, which gas has not been properly accounted for in DCP's payments to Noble;

6

(c) failing to pay Noble based upon the correct percentage of proceeds received on the sale of ethane which is sold as residue gas;

(d) wrongfully retaining all of the revenue on gas condensate sales under certain percentage of proceeds agreements which do not allow for DCP to retain such condensate without proper revenue accounting to Noble; and

(e) charging Noble excessive and unreasonable fees for transportation and fractionation of Noble's NGLs.

### FIRST CLAIM FOR RELIEF
### (NOBLE'S BREACH OF CONTRACT)

29. Phelps adopts and incorporates all allegations contained in Paragraphs 1-28 as fully set forth herein.

30. Phelps and the members of the Class have a class settlement agreement with Noble that is valid and enforceable.

31. Noble has materially breached the terms of the class settlement agreement and the terms of the applicable Royalty Agreements by failing to pay the royalties owed to Phelps and the Class based on fifty percent of the proceeds retained by DCP, and failing to pay royalties based upon 100 percent of the amounts which should have been paid by DCP to Noble.

32. Noble has therefore breached the provisions of the applicable Royalty Agreements and the *Noble* settlement agreement.

33. Phelps and the Class have sustained substantial damages as a direct consequence of such breaches, and are thereby entitled to judgment in their favor against Noble and an award of damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## (NOBLE'S BREACH OF ITS IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING)

34. Phelps adopts and incorporates all allegations contained in Paragraphs 1-33 as fully set forth herein.

35. Pursuant to the *Noble* class settlement agreement, the Leases, and Colorado law, Noble has a duty of good faith and fair dealing to Phelps and the Class.

36. Under the applicable percentage of proceeds agreements, Noble has the right to review the books and records of DCP's accounting records regarding the sale of the Residue Gas and NGLs and other data for purposes of determining whether DCP has properly paid the full amounts which DCP owed to Noble under such percentage of proceeds agreements.

37. On information and belief, Noble failed to conduct an audit or review of any of DCP's accounting records or other data to ensure that DCP was properly paying Noble for its Residue Gas and NGLs under the applicable percentage of proceeds agreements, and in turn, failed to pay royalties to Phelps and the Class based on the full amount of proceeds which DCP receive on its sale of Noble's Gas, and which should have been paid to Noble.

38. By failing to pay royalties owed to Phelps and the Class based on the actual value of the Residue Gas and the NGLs, Noble has breached its duty of good faith and fair dealing owed to Phelps and the Class.

39. As a direct consequence of Noble's breach of its implied duty of good faith and fair dealing, Phelps and the Class have suffered substantial damages and are entitled to judgment in their favor and against Noble in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (DCP'S BREACH OF CONTRACT)

40. Phelps adopts and incorporates all allegations contained in Paragraphs 1-39 as fully set forth herein.

41. Phelps and the members of the *Noble* settlement class are intended third-party beneficiaries of the percentage of proceeds agreements between DCP and Noble.

42. Phelps and the members of the Class have been damaged by DCP's failure to properly pay the amounts which DCP owes pursuant to the applicable percentage of proceeds agreements.

43. Phelps and the Class are entitled to recover the damages which they have sustained as a result of DCP's breach of its contractual obligations under the percentage of proceeds agreements.

## FOURTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT AGAINST DCP)

44. Phelps adopts and incorporates all allegations contained in Paragraphs 1-43 as fully set forth herein.

45. DCP has unjustly received benefits which include:

a. Revenue resulting from DCP's failure to pay Noble the correct percentage of proceeds pursuant to the percentage of proceeds agreements;

b. Residue Gas and NGLs resulting from DCP's allocated of volumes to its Vapor Recovery Units;

c. Revenues and fees resulting from DCP's practice of ethane reintroduction in the Residue Gas stream without proper payment to Noble for the value of such ethane;

d. Revenue and fees resulting from DCP's practice of unnecessarily transporting and fractionating Noble's NGLs; and

9

e. Gas Condensate attributable to Noble's Gas.

46. These benefits were unjustly received and retained by DCP to the detriment of Noble and the Class.

47. DCP's unjust retention of these benefits under the circumstances make it unjust for DCP to retain the benefit without commensurate compensation to Noble, Phelps, and the members of the Class for their value.

## FIFTH CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT AGAINST NOBLE AND DCP)

48. Phelps adopts and incorporates all allegations contained in Paragraphs 1-47 as fully set forth herein.

49. A dispute exists between Noble, DCP, and Phelps and the Class regarding whether DCP has breached its contractual obligations to Noble under the applicable percentage of proceeds agreements, and to what extent the Class members' royalties have been underpaid as a result of such contractual breaches by DCP, and whether Noble has breached its obligations to Phelps and the Class.

50. Phelps requests that the Court enter a declaratory judgment regarding the respective rights of Noble, DCP, and Phelps and the members of the Class pursuant to the percentage of proceeds agreements between Noble and DCP, including the following:

   a. whether and to what extent Noble and the members of the Class are entitled to receive the monetary benefits of the increased percentages of proceeds provided for in certain percentage of proceeds agreements between Noble and DCP;

   b. whether the terms of the percentage of proceeds agreements between Noble and DCP allowed DCP to allocate residue gas and NGLs to its Vapor Recovery Units without proper compensation to Noble, Phelps, the Class, and whether DCP's

> conduct in retaining all of the revenues attributable to the volumes in the Vapor Recovery Units which came from Noble gas constitutes a breach of the applicable percentage of proceeds agreements;
>
> c. whether and to what extent Noble, Phelps, and the Class are entitled to be paid their proportionate share of the gas condensate attributable to the Noble gas sold to DCP under the percentage of proceeds agreements that do not specify that such gas condensate belongs to DCP;
>
> d. whether DCP has underpaid the amounts owed to Noble under the percentage of proceeds agreements by failing to correctly pay Noble on the ethane gas reintroduced into the residue gas without proper payment to Noble for the value of such ethane, and a determination of the Class' share of such underpayments; and
>
> e. whether DCP has charged Noble certain amounts for fractionation and transportation of Noble's NGLs which are excessive and unreasonable, and if so, what portion of such excessive and unreasonable fees should be paid to the affected members of the Class.

## PRAYER FOR RELIEF

Wherefore, Phelps prays for the following relief on behalf of himself and the members of the Class based on amounts paid by DCP to Noble under the applicable percentage of proceeds agreements:

> a. An order certifying the Phelps' claims on behalf of the Class as a class action under C.R.C.P. 23(b)(3), or in the alternative C R.C.P. 23(b)(2);

b. Judgment in favor of Phelps and the Class on each of their claims for relief against Noble and DCP as set forth herein;

c. An award of monetary damages to Phelps and the members of the Class as a result of Noble's breach of contract and breach of the implied duty of good faith and fair dealing;

d. An award of monetary damages to Phelps and the Class as a result of DCP's breach of contract and unjust enrichment;

e. An award of prejudgment interest to Phelps and the Class under the applicable Colorado statutory rate of eight percent per annum, compounded annually, pursuant to C.R.S. § 5-12-102(b), or at an appropriate rate of moratory interest pursuant to C.R.S. § 5-12-102(a), whichever prejudgment interest rate is higher, on any amount of royalties which have been underpaid to Phelps and the Class;

f. A judgment declaring the rights and liabilities of Noble, DCP, and Phelps and the affected members of the Class as prayed for in this Complaint;

g. Attorneys' fees and the court costs associated with the prosecution of this lawsuit; and

h. Such further relief as the Court deems appropriate.

## Demand For Jury Trial

Phelps and the Class demand a jury trial on all issues so triable.

Dated: August 7, 2014      /s/ Katherine Toan
                           Katherine Toan     Co Bar No. 45672
                           Colorado Environmental Law
                           1434 Spruce Street, Suite 223
                           Boulder, CO 80302
                           (720) 965-0854

Fax: (720) 726-8001
Email: kate.toan@gmail.com

George A. Barton,    MO Bar No. 26249
Stacy A. Burrows,    KS Bar No. 21310
Law Offices of George A. Barton, P.C.
4435 Main Street, Ste. 920
Kansas City, MO 64112
(816) 300-6253
Fax: (816) 300-6259
Email: gab@georgebartonlaw.com
       stacy@georgebartonlaw.com

ATTORNEYS FOR PLAINTIFF PHELPS OIL & GAS, LLC