**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

PHELPS OIL AND GAS, LLC, on behalf of
itself and a class of similarly situated
royalty owners,

                        Plaintiff,

v.                                                              Case No. 14-cv-2604-REB-CBS

NOBLE ENERGY, INC.

and

DCP MIDSTREAM, LP,

                        Defendants.

**PLAINTIFF'S MOTION FOR REMAND AND REQUEST**
**FOR ATTORNEYS' FEES**

**COMPLIANCE WITH D.C.COLO.LCivR 7.1A**

Pursuant to D.C.COLO.L.CivR 7.1A, the undersigned certifies that counsel for

Plaintiff Phelps Oil and Gas, LLC ("Phelps") has conferred with counsel for Defendant

Noble Energy, Inc. ("Noble") and Defendant DCP Midstream, LP ("DCP") about the relief

sought by this Motion.  Counsel for Noble and DCP have not consented to the relief

sought in this Motion.

**I.    INTRODUCTION**

In its notice of removal, DCP's only alleged basis for removal is that this Court has

original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), in that, there is

diversity of citizenship between the parties and the amount in controversy exceeds

$75,000, exclusive of interest and costs.[1] (Dk. 1, Notice of Removal, ¶ 5).  DCP, however, has not alleged, nor could it, that the amount in controversy between Plaintiff Phelps and Defendants Noble and DCP exceeds $75,000, as the governing case law clearly requires. Instead, DCP attempts to meet the $75,000 amount in controversy by arguing that the combined amount in controversy for the claims of Phelps and the entire Class is greater than $75,000, because if those aggregated claims are successful, DCP's liability will be much greater than $75,000.   The governing Tenth Circuit and federal court case law, however, confirms that the $75,000 amount in controversy under 28 U.S.C. 1332(a)(1), must be determined based on the amount in controversy between the plaintiff and the defendants.  The claims of Phelps and the Class clearly cannot be aggregated to meet the $75,000 amount in controversy requirement.   Defendant has therefore improperly removed Phelps' state court action to this Court, and this case should be remanded to the Denver District Court.

## II.   **DCP's Contentions Regarding Satisfaction of the $75,000 Amount in Controversy.**

Phelps has asserted claims on behalf of itself and the Class for past royalty underpayments against Defendants Noble and DCP. (Dk. 7, Compl. ¶ 1-47).  Phelps has also asserted a claim for declaratory relief regarding the appropriate method of calculating the amounts due under the percentage of proceeds agreements at issue, which will result in an increase in the future royalty payments to Phelps and the Class.  (Dk. 7, Compl. ¶¶ 48-50).  In its Notice of Removal, DCP contends that it should be allowed to aggregate Phelps' and the Class' claim for declaratory relief in order to demonstrate that the $75,000

---

[1]DCP does not assert that this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

amount in controversy is satisfied because if Phelps is successful on its claims, the amount which DCP will be required to pay Noble will far exceed $75,000. (Dk. 1, Notice of Removal, ¶¶ 30-37).   DCP's Notice of Removal, however, does not allege that the amount in controversy for the claims of Phelps itself is in excess of $75,000, nor does DCP present any evidence that the amount in controversy for Phelps' claims, including Phelps' claims for past damages and future relief, is in excess of $75,000.  As discussed below, because DCP has not presented any evidence that the amount in controversy for Phelps' individual claims against the defendants is in excess of $75,000, DCP has failed to prove that the $75,000 amount in controversy has been satisfied, and this action should therefore be remanded to the Denver District Court.

III.   **ARGUMENT**

A.   **The Standards Which Apply to Phelps' Motion for Remand.**

When reviewing DCP's notice of removal, the Court applies a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Removal statutes are strictly construed and the Court resolves all doubts against removal. *Fajen v. Found Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).   DCP has the burden of proving the amount in controversy exceeds the $75,000 jurisdictional requirement by the preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).   In order the meet this burden, DCP must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that the amount in controversy exceeds $75,000. *Id.* at 755.  As demonstrated below, because DCP has not submitted evidence of the amount in controversy for Phelps' separate claims against DCP and Noble, DCP

has failed to establish that the amount in controversy exceeds the $75,000 jurisdictional requirement.

**B.      The Claims of Phelps and The Class Cannot Be Aggregated To Meet The $75,000 Amount In Controversy Requirement.**

DCP's argument that the $75,000 amount in controversy requirement is satisfied is based on its contention that the aggregate amount of the Class members' claims against Defendants Noble and DCP exceed $75,000.  Although the aggregated amount in controversy for the claims of Phelps and the Class clearly does exceed $75,000, the amount in controversy for Phelps' claims itself does not exceed $75,000.  The Tenth Circuit has conclusively held that in determining whether the $75,000 amount in controversy has been seen satisfied, the amount of each class members' claim cannot be aggregated to meet the $75,000 amount in controversy.  Indeed, in *Elliot Indus. Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1105-06 (10th Cir. 2005), the Tenth Circuit held that the district court had erred when it relied on a theory of aggregation to conclude that unnamed class members' claims could meet the amount in controversy requirement of 28 U.S.C. § 1332(a), and therefore vacated the final judgment as to the unnamed class members of the plaintiff class in a class action royalty underpayment case similar to the case at issue here.  In rejecting the "aggregation" theory, the Tenth Circuit held:

> Each royalty owners has an individual claim for any underpayment of royalties which would have no effect on the claims of the other class members.  While it is true that the individual claims have in common many questions of fact and law, and the royalty owners have a shared interest in the manner in which the gas is collected and the royalty is calculated, the royalty owners do not possess a "common and undivided interest" in either the royalty payments or the natural gas supply.

*Id.* at 1105.

Thus, when this Court examines the amount in controversy for Phelps' claim for declaratory relief, it can only examine the amount of Phelps' individual claim, and may not look to the total aggregated amounts which DCP Midstream will have to pay Noble if the Class members as a whole prevail on the claim for declaratory relief. *Elliot Indus. Ltd. Partnership*, 407 F.3d at 1105-06; *see also Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599-600 (10th Cir. 1970) (because the claims involve separate and distinct claims, it would be improper to consider the total monetary impact on the defendants based on plaintiffs' claim for injunctive relief to determine the amount in controversy).

In fact, "aggregation" arguments similar to DCP's have been repeatedly rejected. In *Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1201 (N.D. Okla. 2004) the court refused to rely on the full cost of the injunctive relief measured from the viewpoint of the defendant in determining the amount in controversy and remanded the class action case back to state court.  In the *Flowers* decision, the court found that each class member could have sued individually for injunctive relief, and as a result, each class member had a "separate and distinct" claim for injunctive relief making it improper for the court to look to the defendant's total detriment in determining the amount in controversy because it would violate the non-aggregation rule. *Id.* Similarly, in *Copeland v. MBNA America, N.A.*, 820 F. Supp. 537, 541 (D. Colo. 1993) this Court remanded the plaintiffs' class action claim seeking injunctive relief and damages back to state court because the defendant failed to show, absent aggregation, that the cost of complying with the potential injunction satisfied the amount in controversy requirement.  In *Chandler v. Cheesecake Factory Restaurants, Inc.*, 239 F.R.D. 432, 439-40 (M.D.N.C. 2006), the court held that the claim for declaratory relief had to be evaluated on a single plaintiff basis, separate from the

class, and because the defendant failed to demonstrate that the costs of complying with the declaratory judgment would exceed $75,000 as to each class plaintiff, the plaintiff's class action claim for damages and declaratory relief was remanded back to state court.

Accordingly, DCP's complete failure to set forth any evidence which demonstrates the amount in controversy for Phelps' individual claims against Noble and DCP requires this Court to remand the case back to the Denver District Court. *See Dudley-Barton v. Servs. Corp. Intern.*, Case No. 10-cv-03091-CMA-KLM, 2011 WL 1321955, at *3 (D.Colo. April 5, 2011) (remanding case because defendants render only conclusory statements regarding the amount of damages, and the Court cannot be left to speculate as to potential damages, fees, or costs when no evidence is before it); *BTU Empire Corp. v. Baker*, Case No. 04-cv-1019920-MSK-CBS, 2005 WL 1924573, at *4 (D. Colo. Aug. 10, 2005) (absent evidence in complaint or notice of removal, Court cannot find that defendants have carried their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000).

Finally, the only cases to which DCP cites that discuss the amount in controversy in class action lawsuits do not support DCP's Notice of Removal.  In *Lovell v. State Farm Mut. Auto Ins. Co.*, 463 F.3d 893, 898 (10th Cir. 2006), the Tenth Circuit held that "because the compliance cost to *any single plaintiff* exceeded [$75,000], the jurisdictional threshold is met and the district court properly exercised subject matter jurisdiction." (emphasis added).  In *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 876 F. Supp. 2d 1143, 1163-64 (D.N.M. 2012), the trial court addressed whether the $5,000,000 amount in controversy under CAFA had been met.  As recognized by the United States Supreme Court, whereas § 1332(a) requires each plaintiff's claim to exceed the sum or value of

6

$75,000, CAFA expanded federal jurisdiction in class action cases in which the *aggregate* amount in controversy exceeds $5,000,000. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S.Ct. 736, 740 (2014) (emphasis added).  Thus, the *Valdez* decision is inapplicable because DCP is not relying on CAFA to establish subject matter jurisdiction and the *Lovell* decision actually supports Phelps' motion for remand.

**C.    Phelps Is Entitled to an Award of Attorneys' Fees and Costs.**

Pursuant to 28 U.S.C. § 1447(c), Phelps may be awarded its costs and actual expenses, including attorneys' fees, that were incurred as a result of DCP's removal.  The proper standard by which this Court determines the propriety of a fee award under 28 U.S.C. § 1447(c) is whether DCP's removal position was objectively reasonable at the time it sought removal. *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed. App'x 775, 2005 WL 2160137, at *1 (10th Cir. Sept. 8, 2005) (citing *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147-48 (10th Cir. 2004)).  In *JSSJ Corp.*, the Tenth Circuit affirmed the trial court's order of attorneys' fees when the action had been remanded because the defendant had no legitimate basis to believe the federal court could exercise jurisdiction over the case. *Id.* at *3.  Similarly, because DCP failed to provide any evidence that Phelps' individual claims against Noble and DCP exceed $75,000, DCP had no legitimate basis to believe that this Court could exercise jurisdiction.  Indeed, DCP does not cite to a document, affidavit, or allegation in Phelps' class action complaint which demonstrates that Phelps' individual royalty share in the amounts DCP will have to pay Noble exceeds $75,000.

## CONCLUSION

For the reasons stated above, this Court should grant Baker's motion for remand, and should order that DCP is required to pay Phelps' reasonable attorneys' fees incurred in seeking remand to state court.

Dated: October 6, 2014                    Respectfully submitted,

                                           /s/ George A. Barton
                                           George A. Barton    Mo. Bar No. 26249
                                           Law Offices of George A. Barton, P. C.
                                           4435 Main Street, Suite 920
                                           Kansas City, MO 64111
                                           (816) 300-6250
                                           Fax: (816) 300-6259
                                           gab@georgebartonlaw.com

                                           Katherine Toan        CO Bar No. 45672
                                           Colorado Environmental Law
                                           1434 Spruce Street, Suite 223
                                           Boulder, Colorado 80302
                                           (720) 965-0854
                                           Fax: (720) 726-8001
                                           kate.toan@gmail.com

                                           **ATTORNEYS FOR PLAINTIFF AND THE
                                           PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, a true and correct copy of the foregoing was served on the following through the Court's electronic filing system:

Daniel McClure
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX 77010

Lucy Deakins
Fulbright & Jaworski LLP
1200 17th Street, Suite 1000
Denver, CO 80202

*Attorneys for DCP Midstream, LP*

Michael Gallagher
Terry Miller
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202

*Attorneys for Noble Energy, Inc.*

                                          */s/ George Barton*