**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 14-cv-2604-REB-CBS

PHELPS OIL AND GAS, LLC, on behalf of itself
and a class of similarly situated royalty owners,

    Plaintiff,

v.

NOBLE ENERGY, INC. and
DCP MIDSTREAM, LP,

    Defendants.

## ORDER DENYING MOTION TO REMAND

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion for Remand and Request for Attorneys' Fees** [#19][1] filed October 6, 2014. Defendants filed a response [#27], and the plaintiff filed a reply [#29]. I deny the motion.

### I. Background

This case is the second between the plaintiff, Phelps Oil and Gas, LLC, and co-defendant, Noble Energy, Inc. The first case, litigated in the District Court for Weld County, Colorado, was a class action. The parties in that matter reached a class settlement agreement under which Phelps and the other class plaintiffs have received royalties from Noble's natural gas drilling operations since 2008. Co-defendant, DCP Midstream, LP, provides post-wellhead services to Noble under a series of contracts

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

between DCP and Noble. DCP has been named as a co-defendant in this action. Phelps alleges, in essence, that DCP has breached its contracts with Noble resulting in improper royalties calculations to Phelps and other members of the Weld County plaintiff class. Phelps is not a party to the Noble-DCP contracts, but is a third-party beneficiary of those contracts under the terms of the Weld County class settlement agreement.

## II. Standard of Review

Phelps originally filed this action in the District Court for the City and County of Denver, Colorado. DCP timely removed to this court. Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one over which the district court would have had original jurisdiction. When the basis of removal is diversity of citizenship, the removing party must show that the requirements of 28 U.S.C. § 1332 have been satisfied.[2] Under § 1332(a), a federal district court has jurisdiction over a case involving state law claims if there is complete diversity of citizenship between the plaintiff and the defendant(s), and "the matter or controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." These facts "must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The parties agree that complete diversity of citizenship exists. There is contention, however, as to the amount in controversy. Because the complaint does not recite a specific dollar amount of recovery sought, the burden is on the defendants to

---

[2]Although the original complaint was titled **Class Action Complaint and Demand for Jury Trial**, no motion for class certification has been filed. Thus, I do not consider the question of jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

2

establish by a preponderance of the evidence that the jurisdictional minimum is satisfied. **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001). "The 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself." **McPhail v. Deere & Co.**, 529 F.3d 947, 954 (10th Cir. 2008) (citing **Meridian Security Ins. Co. V. Sadowski**, 441 F.3d 536, 540–41 (7th Cir. 2006)). Defendants must demonstrate factual assertions that make it possible that at least $75,000 is at issue. *Id.* The legal conclusion of jurisdiction flows from establishing these facts. *Id.*

### III. Discussion

There is some disagreement between the parties as to what should be considered the amount in controversy. Phelps argues that the amount in controversy is the damages sought directly by the plaintiff. This amount, it contends, will be less than the statutory requirement, although no specific value is alleged. The defendants contend the amount in controversy is actually the cost to the defendants of providing the relief sought by Phelps. Phelps' Fifth Claim for Relief requests a declaratory judgment concerning royalties due to Noble from DCP under the DCP-Noble contracts. DCP contends that this request places the amounts due but unpaid under the DCP-Noble contracts in controversy. The defendants contend that the cost to DCP of complying with the declaratory judgment sought by Phelps would exceed 75,000 dollars. I agree that the request for declaratory relief necessarily implicates the royalties due under DCP-Noble contracts.

    A.    The "Either-Viewpoint Rule"

"In actions seeking declaratory and injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." **Hunt v.**

*Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). To determine the amount in controversy, the United States Court of Appeals for the Tenth Circuit follows "what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief." *Lowell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893 (10th Cir. 2006).

### B.     Cost of Compliance

A defendant may introduce evidence "about how much it would cost to satisfy the plaintiff's demands" as the cost of declaratory relief. *McPhail*, 529 F.3d at 954 (citing *Meridian*, 441 F.3d at 541–42). In cases requesting injunctive relief, the cost to the defendant of complying with the injunction runs to a single plaintiff, and is the measure of the amount in controversy. *Id.* at *898.* Because the cost of compliance would be the same for a single plaintiff as for a class, the cost runs to any one plaintiff. The same principle applies in the current case.  If the plaintiff were to receive the declaratory relief for which it prays, DCP would be liable to Noble for the entire amount which allegedly has gone unpaid under the Noble-DCP contracts.  If awarded such declaratory relief, the plaintiff may seek further relief including enforcement of the Weld County class action settlement agreement which, Phelps alleges, requires higher royalty payments from Noble to Phelps.

The plaintiff is not seeking more than 75,000 dollars in damages for itself. However, the cost to DCP of a declaratory judgment in favor of Phelps likely would be significantly higher than 75,000 dollars.  DCP submits evidence in the form of affidavits to support its argument. In these affidavits, DCP demonstrates that its contracts with

4

Noble since 2008 have a value of over 113 million dollars.[3] **DCP Midstream, LP's Response to Plaintiff's Motion for Remand and Request for Attorney's Fees** [#27]. As DCP observes, the jurisdictional requirement would be met if a mere 0.067% of these contracts were called into question. *Id.* Considering the allegations in Phelps' complaint, at least that fraction, and likely much more, is at issue. In *McPhail*, the Tenth Circuit gave examples of how defendants can prove facts to support jurisdiction. 529 F.3d at 956. In one such example, "where a defendant has allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000." *Id.* "Only if it is 'legally certain' that recovery (from the plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Id.* In this case, DCP has shown by a preponderance of evidence that the cost of compliance with the declaration sought by the plaintiff likely will be worth more than 75,000 dollars.

### C. Aggregation

Phelps alleges that DCP is attempting to aggregate the value of the claims of the entire class in the Weld County class action. This is not the case. In its **Notice of Removal** [#1], DCP does not attempt to aggregate all Weld County class settlement claims to reach the 75,000 minimum.

### IV. Conclusion & Order

There is complete diversity between the parties. The amount in controversy is

---

[3]Defendant DCP states that it has approximately 124 contracts with Noble. Of those, DCP believes five to be relevant and bases its argument on these five. **DCP Midstream, LP's Response to Plaintiff's Motion for Remand and Request for Attorneys' Fees** [#27].

greater than 75,000 dollars based on the complaint [#7], in particular the Fifth Claim for Relief, and the five contracts cited by DCP. I find and conclude that the complaint [#7] and the notice of removal [#1] present a combination of facts that likely support a claim in excess of 75,000 dollars. Thus, the defendants have shown that this court has diversity jurisdiction over this case under 28 U.S.C. § 1332.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Remand and Request for Attorney's Fees** [#19] filed October 6, 2014, is **Denied**.

Dated April 23, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge