IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02604-REB-CBS

PHELPS OIL AND GAS, LLC, on behalf of itself
and a class of similarly situated royalty owners,

    Plaintiff,

v.

NOBLE ENERGY, INC. and
DCP MIDSTREAM, LP,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Phelps Oil and Gas, LLC, Defendant Noble Energy, Inc. ("Noble") and Defendant DCP Midstream, LP (together, the "Parties") have stipulated to the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents or correspondence exchanged or produced in this case pursuant to the terms of this Protective Order.  Documents or testimony deemed to be confidential shall be so designated in accordance with this Protective Order.

To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

3780336.1

1. This Protective Order shall apply to all documents, materials, and information exchanged or produced by the Parties or non-parties, including, but not limited to, documents produced, correspondence between counsel, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure that are designated "CONFIDENTIAL" (collectively "Confidential Information") in accordance with this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Proc. 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential business, financial or proprietary material, or otherwise private, confidential, sensitive, or otherwise not available to the public. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Confidential Information designated as "CONFIDENTIAL" shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys who are actively working on this case and in-house attorneys;

(b) persons regularly employed or associated with the attorneys actively working on the case or in-house attorneys, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c) the Parties;

  (d) expert witnesses, consultants, and private investigators retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

  (e) the Court in this case and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

  (g) deponents;

  (h) any potential fact witness whom a party's counsel believes in good faith has prior knowledge of the matters addressed or reflected in the document; and

  (i) other persons by written agreement of the Parties.

  5. Prior to disclosing any information designated as "CONFIDENTIAL" to any person listed in paragraph 4 (other than attorneys, persons employed by attorneys, Court Personnel and stenographic reporters), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  Such written acknowledgment shall be in the form as provided in Exhibit A to this Stipulated Protective Order, attached hereto and incorporated herein.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

  6. Documents or other materials may be designated by the producing party as containing Confidential Information by stamping on each page of the document the legend "CONFIDENTIAL".  Where discovery is provided by allowing physical access to the documents or tangible things for inspection at counsel's office or the parties'

physical location, instead of delivering copies of them, all items being inspected shall be considered "CONFIDENTIAL" until the party allowing access to them indicates otherwise in writing or delivers copies of them to the party seeking discovery with no "CONFIDENTIAL" designation.

7.      If a producing party inadvertently discloses to a receiving party any Confidential Information without marking it as "CONFIDENTIAL" the producing party or parties shall promptly advise the receiving party or parties in writing, listing each document production bates number. Thereafter, the receiving party or parties shall treat the information as "CONFIDENTIAL".

8.      Any portions of pleadings, motions or other documents containing Confidential Information that are filed with the Court, as well as any exhibits containing Confidential Information that are attached to any pleadings, motions or other documents <ins>shall be filed in accordance with Local Rule 7.2 and Section V of this Court's ECF Civil Procedures</ins> <del>that are filed with the Court, shall be labeled "CONFIDENTIAL" and filed as suppressed</del>.

9.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular information as "CONFIDENTIAL" by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the designation of the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the objecting party fails to file such a motion within the prescribed time, the disputed information shall maintain its designation and shall thereafter continue to be treated in accordance with this Protective Order, subject to Paragraph 11, below. In connection with a motion filed under this provision, the party objecting to the designation of Confidential Information shall bear the burden of establishing that the disputed information should not be treated as "CONFIDENTIAL".

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" shall be returned to the party that designated it "CONFIDENTIAL" within forty-five (45) days of conclusion of the action, or the Parties may elect to destroy such documents; provided, however, that counsel for each party may retain one copy of the "CONFIDENTIAL" documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon

5

written agreement of the party who designated the document as "CONFIDENTIAL" or upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy "CONFIDENTIAL" documents or other materials, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

12.     Nothing in this Protective Order shall preclude the parties from objecting to the production in this action of any material, whether confidential or not, on any other basis recognized under applicable rules of procedure and evidence. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

13.     In the event a party produces documents subject to the attorney-client privilege or work product doctrine through inadvertence, mistake, or other error, such production shall not be a waiver of privilege or immunity. The producing party must promptly give notice to all other parties of the inadvertent production. Upon such notice, the receiving party promptly shall make best efforts to collect all copies of the documents and destroy them or return them to the producing party.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, on June 1, 2015.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Agreed to and approved by:

*s/ Robert G. Harken*
Robert G. Harken
Law Offices of George A. Barton, P.C.
4435 Main Street, Suite 920
Kansas City, Missouri 64111

*Attorneys for Phelps Oil and Gas, LLC*

*s/ Michael J. Gallagher*
Michael J. Gallagher
Terry R. Miller
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202

*Attorneys for Noble Energy*

*/s Daniel McClure*
Daniel McClure
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010

Matthew Spohn
Norton Rose Fulbright US LLP
1200 17th Street, Suite 1000
Denver, CO 80202

*Attorneys for DCP Midstream, LP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02604-REB-CBS

**PHELPS OIL AND GAS, LLC, on behalf of itself
and a class of similarly situated royalty owners,**

      **Plaintiff,**

      **v.**

**NOBLE ENERGY, INC. and
DCP MIDSTREAM, LP,**

      **Defendants.**

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

      I _____ have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL".

      I have received a copy of the STIPULATED PROTECTIVE ORDER entered in this case, and agree to be bound by its terms. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____       _____

Signed in the presence of:

_____

(Attorney)
(Print name) _____