**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 14-cv-2604-REB-CBS

PHELPS OIL AND GAS, LLC, on behalf of itself
and a class of similarly situated royalty owners,

    Plaintiff,

v.

NOBLE ENERGY, INC. and
DCP MIDSTREAM, LP,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are: (1) **DCP Midstream, LP's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#24][1] filed October 14, 2014; and (2) the corresponding recommendation of the United States Magistrate Judge [#55] filed April 24, 2015. The recommendation was stated by the magistrate judge from the bench at the conclusion of a hearing on the motion to dismiss. A transcript of that hearing, including the recommendation, can be found at [#67]. The plaintiff filed objections [#65] to the recommendation, defendant DCP Midsteam, LP filed a response [#68], the plaintiff filed a reply [#73], and DCP Midstream filed a sur-reply [#77]. I overrule the objections and approve and adopt the recommendation.

---

[1] "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

The plaintiff, Phelps Oil and Gas, LLC, receives royalties from the natural gas drilling operations of defendant Noble Energy, Inc. on certain mineral leases. Those royalties are also the subject of a class action settlement agreement under which Phelps and others receive royalties from the natural gas drilling operations of Noble. Co-defendant, DCP Midstream, LP, provides post-wellhead services to Noble under a series of contracts between DCP and Noble. DCP buys natural gas from Noble, processes the gas to make it ready for sale, and then sells the gas. Under percentage-of-proceeds agreements (POP agreements) between Noble and DCP, Noble receives from DCP a percentage of the proceeds from the sale of the gas subject to the POP agreements. Some of the gas that is subject to the agreements between Phelps and Noble goes through the DCP post-wellhead services prior to sale.

In its complaint, Phelps alleges that DCP has failed to pay to Noble the proper amounts due to Noble under the POP agreements between DCP and Noble. As a result, Phelps alleges, Noble has not paid Phelps the full amount of royalties due to Phelps under the contracts between Phelps and Noble. On this basis, Phelps alleges against DCP a claim for breach of contract, with Phelps claiming to be a third-party beneficiary of the POP agreements between DCP and Noble. Phelps also asserts a claim seeking declaratory judgment for a determination of rights under the POP agreements between DCP and Noble. In the alternative, Phelps alleges a claim for unjust enrichment against DCP.

After a thorough review of the complaint [#7], the briefs of the parties, and the apposite law, the magistrate judge recommends that the motion to dismiss of DCP be granted. The magistrate judge concludes that the facts alleged by Phelps, including the content of the relevant POP contracts, are insufficient to state a claim for breach of contract because the allegations and the POP contracts do not show that Phelps or the class of royalty interests it seeks to represent are third-party beneficiaries of the POP contracts between DCP and Noble. On this basis, the magistrate judge recommends that the claim for breach of contract against DCP and the closely related claim for declaratory judgment against DCP be dismissed with prejudice.

Turning to the claim for unjust enrichment against DCP, the magistrate judge recommends that this claim be dismissed because the allegations in the complaint in support of this claim are conclusory and are not sufficient to satisfy the standards for pleading of Fed. R. Civ. P. 12(b)(6). Finding that it is conceivable that Phelps could allege facts in support of such a claim against DCP, the magistrate judge recommends that this claim be dismissed without prejudice.

In the objections [#65], response [#68], reply [#73], and sur-reply [#77], the parties again argue the applicable law as applied to the allegations in the complaint and the terms of the POP contracts between DCP and Noble. DCP contends, contrary to the recommendation, that the claim for unjust enrichment should be dismissed with prejudice.

The magistrate judge provides in the recommendation a thorough description of relevant allegations and the terms of the POP agreements. In addition, he provides an accurate application of the law to those allegations and contract terms. Properly, the magistrate judge concludes that the motion to dismiss of DCP should be granted, the

3

claims for breach of contract and declaratory judgment should be dismissed with prejudice as to DCP, and the claim for unjust enrichment against DCP should be dismissed without prejudice. Nothing in the objections [#100] of the plaintiff vitiates the reasoning and conclusions of the magistrate judge. Therefore, I overrule the objections, approve and adopt the recommendation [#55] as stated in the transcript [#67] and grant the motion to dismiss.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendation of the United States Magistrate Judge [#55] filed April 24, 2015, as stated in the transcript [#67], is approved and adopted as an order of this court;

2. That **DCP Midstream, LP's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#24] filed October 14, 2014, is granted;

3. That the claims for breach of contract claim and the declaratory judgment of the plaintiff against defendant DCP Midstream, LP are dismissed with prejudice;

4. That the claim for unjust enrichment of the plaintiff against defendant DCP Midstream, LP is dismissed without prejudice; and

5. That defendant DCP Midstream, LP is dropped as a party to this action, and the caption shall be so amended.

Dated September 22, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge